# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**EDWARD D. CURRY,**

    **Plaintiff,**

vs.                                      Case No. 4:18cv280-MW/CAS

**CAPTAIN C. KNICHEL,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 4, which was reviewed and deemed sufficient for service on Defendant Knichel. ECF No. 8. Plaintiff was required to provide the Court with one copy of his amended complaint for service on the Defendant by October 19, 2018. *Id.*

When no service copy was provided, an Order to Show Cause was entered, ECF No. 9, giving Plaintiff until November 19, 2018, in which to show good cause why this case should not be dismissed for failing to comply with a Court Order. Furthermore, Plaintiff was advised that if he

wanted to proceed with this case, he must simultaneously provide the service copy of his complaint as previously directed. ECF No. 9. Plaintiff was specifically warned that if he did not comply, a recommendation would be entered to dismiss this action. *Id.* As of this date, Plaintiff has not filed the amended complaint as directed. Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009). Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 28, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv280-MW/CAS